

**U.S. Department of Justice**

*United States Attorney's Office*
*Eastern District of New York*

---

*271 Cadman Plaza East*
*Brooklyn, New York 11201*
*Direct Line: 718-254-6010*

September 23, 2013

**SUBMITTED VIA ECF**

The Honorable Sterling Johnson, Jr.
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    *U.S. ex rel. Piacentile and Kilcoyne v. Amgen, Inc., et al.*
               Civil Action No. CV-04-3983 (Johnson, J.) (Levy, M.J.)

Dear Judge Johnson:

      In connection with the pending motion to dismiss filed by the United States in the above-referenced action, this letter is submitted to notify the Court of a recent decision by the Second Circuit in *Monaghan v. Henry Phipps Plaza West, Inc.*, 2013 WL 4516436 (2d Cir. August 27, 2013). The decision is attached.

                            Respectfully submitted,

                            MARSHALL L. MILLER
                            Acting United States Attorney


            BY:   *s/Deborah B. Zwany*
                    Deborah B. Zwany (DBZ 7987)
                    Assistant U.S. Attorney
                    (718) 254-6010

cc: The Honorable Robert M. Levy
    United States Magistrate Judge
    Eastern District of New York

    Eric L. Cramer, Esq.
    Berger & Montague, P.C.
    1622 Locust Street
    Philadelphia, Pennsylvania 19103

    David S. Stone, Esq.
    Robert A. Magnanini, Esq.
    Stone Magnanini LLP
    Attorneys for Relators
    150 John F. Kennedy Parkway, 4th Floor
    Short Hills, New Jersey 07078

--- Fed.Appx. ----, 2013 WL 4516436 (C.A.2 (N.Y.))
**(Cite as: 2013 WL 4516436 (C.A.2 (N.Y.)))**

Only the Westlaw citation is currently available.This case was not selected for publication in the Federal Reporter.

Not for Publication in West's Federal Reporter. RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE(WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

United States Court of Appeals,
Second Circuit.
Thomas C. MONAGHAN, Plaintiff–Appellant,
United States of America, Plaintiff,
v.
HENRY PHIPPS PLAZA WEST, INC., New York City Department of Housing Preservation and Development, Bell West Management Corp., Bellevue South Associates, L.P., Defendants–Appellees.

No. 12–4046–cv.
Aug. 27, 2013.

Appeal from the order of the United States District Court for the Southern District of New York (Barbara S. Jones, Judge), entered September 10, 2012.
Philip R. Michael (Stuart A. Klein, New York, NY, on the brief), Michael Law Group, New York, NY, for Plaintiff–Appellant.

Michael J. Dell (Karen S. Kennedy, on the brief), Kramer Levin Naftalis & Frankel LLP, New York, NY, for Defendants–Appellees.

Elizabeth I. Freedman (Francis F. Caputo, on the brief), for Michael A. Cardozo, Corporation Counsel, New York, NY, for Defendant–Appellee.

Present JOSÉ A. CABRANES, CHESTER J. STRAUB and SUSAN L. CARNEY, Circuit Judges.

**SUMMARY ORDER**
**\*1 UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court, entered September 10, 2012, be **AFFIRMED.**

Plaintiff Thomas C. Monaghan appeals an order of the District Court dismissing for lack of subject matter jurisdiction his claims brought under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729–33. This suit arises from the exit of Henry Phipps Plaza West ("PPW"), a large apartment complex near Bellevue Hospital in Manhattan, from rent regulation under the Mitchell–Lama Housing Program. Monaghan claims that PPW's owners [FN1] and the New York Department of Housing Preservation and Development ("HPD"), which supervised PPW's participation in Mitchell–Lama, colluded to defraud the federal government by illegally withdrawing PPW from the Mitchell–Lama program, raising rents for PPW tenants, and accepting rent vouchers, which subsidized the higher rents, under the Section 8 program [FN2] of the United States Department of Housing and Urban Development ("HUD"). We assume the parties' familiarity with the underlying facts and procedural history of this case.

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

--- Fed.Appx. ----, 2013 WL 4516436 (C.A.2 (N.Y.))
**(Cite as: 2013 WL 4516436 (C.A.2 (N.Y.)))**

FN1. Specifically, the defendants include (1) Henry Phipps Plaza West, Inc., which is the former owner of PPW; (2) Bellevue South Associates, L.P., which is the current beneficial owner of PPW; and (3) Bellwest Management Corporation, which is the General Partner of Bellevue South Associates, L.P.

FN2. Under the "Section 8 program," the federal government provides funds to local housing authorities, which then subsidize rental payments for qualifying tenants—which is to say tenants with sufficiently low income—of privately-owned buildings. See 42 U.S.C. § 1437f(o)(1)(A).

PPW was built in 1976 under New York State's Mitchell–Lama program (commonly referred to simply as "Mitchell–Lama"), which encourages construction of affordable housing by providing long-term, low-interest government mortgage loans to developers on the condition that the resulting development be subject to rent regulation. An owner of such a building may opt out of Mitchell–Lama—and its rent regulation requirements—after twenty years, by paying off the mortgage.

Of course, the decision of a developer to exit Mitchell–Lama is traumatic for the building's tenants, many if not all of whom may rely on rent regulation in order to afford their apartments. The withdrawal from Mitchell–Lama therefore frequently spawns litigation between the tenants and the developer, and PPW's exit from Mitchell–Lama was no exception. After learning that PPW's owner intended to leave Mitchell–Lama, PPW tenants filed a lawsuit against the same defendants sued here (other than HPD), in an attempt to prevent PPW from leaving Mitchell–Lama and charging market rents. The tenants complained that if PPW left Mitchell–Lama, it would violate the separate Land Disposition Agreement ("LDA") entered into between New York City and HPPW in 1973. The LDA required that PPW be used for affordable housing for forty years. The defendants in the state court action entered into settlement agreements with many of the tenants, and the case was later dismissed as to the remaining plaintiffs. Ultimately, PPW's owners withdrew the buildings from the Mitchell–Lama program, raised rents for many tenants, and began accepting Section 8 vouchers from qualifying tenants to off-set the rent increases.

On July 23, 2009, Monaghan filed this suit under the FCA. Monaghan alleged that PPW's departure from Mitchell–Lama was illegal and in breach of the LDA. He further alleged that because it was illegal for PPW to leave Mitchell–Lama and charge market rents, the claims for Section 8 vouchers filed by the defendants were fraudulent under the False Claims Act.

**\*2** On September 10, 2012, the District Court issued a Memorandum and Order dismissing the case on the ground that the court lacked subject matter jurisdiction. Specifically, the District Court held that the information underlying Monaghan's suit had already been publicly disclosed in the state court proceeding, that Monaghan was not an original source of the information, and that therefore, pursuant to the provisions of the FCA that govern this suit, it lacked subject matter jurisdiction.[FN3] *See United States v. N.Y.C. Dep't of Hous., Pres. and Dev.,* No. 09 CV 6547(BSJ), 2012 WL 4017338, at \*4–6 (S.D.N.Y. Sept. 10, 2012). Monaghan now appeals, claiming both that the information was not publicly disclosed and that he was an original source within the meaning of the FCA. Because the District Court dismissed the complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, we "review the [D]istrict [C]ourt's factual findings for clear error and its legal conclusions *de novo.*" *Shabaj v.. Holder,* 718 F.3d 48, 50 (2d Cir.2013) (quotation marks omitted).

--- Fed.Appx. ----, 2013 WL 4516436 (C.A.2 (N.Y.))
**(Cite as: 2013 WL 4516436 (C.A.2 (N.Y.)))**

FN3. The relevant version of 31 U.S.C. § 3730(e)(4) provides:

> (A) No court shall have jurisdiction over an action under this section based upon the public disclosure of allegations or transactions in a criminal, civil, or administrative hearing, in a congressional, administrative, or Government [General] Accounting Office report, hearing, audit, or investigation, or from the news media, unless the action is brought by the Attorney General or the person bringing the action is an original source of the information.

> (B) For purposes of this paragraph, "original source" means an individual who has direct and independent knowledge of the information on which the allegations are based and has voluntarily provided the information to the Government before filing an action under this section which is based on the information.

Although this provision was amended in 2010, the amendment does not apply retroactively to cases, like this one, which were pending prior to the amendment. *See Graham Cnty. Soil and Water Conservation Dist. v. United States ex rel. Wilson,* 559 U.S. 280, 283 n. 1 (2010).

We affirm the judgment of the District Court substantially for the reasons stated in the District Court's clear and comprehensive Memorandum and Order entered on September 10, 2012. In particular, we note that Monaghan argues that the allegations or transactions alleged in his complaint were not disclosed in the state court proceedings because the state court complaint did not contain any "allegation of fraud victimizing HUD." Monaghan Br. 20. However, in order to divest the District Court of jurisdiction, § 3730(e)(4) requires only that the "material elements" of the allegations or transactions on which the relator's claim is based have been publicly disclosed, and not that an identical claim has already been filed. *United States ex rel. Kirk v. Schindler Elevator Corp.,* 601 F.3d 94, 103 (2d Cir.2010), *rev'd on other grounds,* 131 S.Ct. 1885 (2011); *see also Graham Cnty. Soil and Water Conservation Dist. v. United States ex rel. Wilson,* 559 U.S. 280, 285 (2010) (observing that the "FCA's public disclosure bar ... deprives courts of jurisdiction over *qui tam* suits when the *relevant information* has already entered the public domain through certain channels" (emphasis supplied)).

As the District Court amply explained, the complaint and supporting documents in the state court action disclosed (1) that PPW had withdrawn from Mitchell–Lama in arguable violation of the LDA, and (2) that PPW's owners had accepted Section 8 vouchers. Monaghan's allegation that PPW's claims for Section 8 vouchers were false was based entirely on an inference drawn from publicly available facts. In other words, " 'the critical elements exposing the transaction as fraudulent [were] placed in the public domain,' " which is all that is required for § 3730(e)(4)'s jurisdictional bar to apply. *United States ex rel. Kirk,* 601 F.3d at 103 (quoting *United States ex rel. Fowler v. Caremark RX, L.L.C.,* 496 F.3d 730, 736 (7th Cir.2007)).

*3 Monaghan's claim that he was an "original source" is similarly without merit. The District Court found that Monaghan learned of the information underlying his claims through publicly disclosed documents, and Monaghan has offered no reason that this finding was clearly erroneous. *See United States v. N.Y. Med. Coll.,* 252 F.3d 118, 121 (2d Cir.2001) (explaining that a *qui tam* plaintiff is not a direct and independent source if a third party is the "source of the core information" (internal quotation marks omitted)). It may be true, as Monaghan suggests, *see e.g.,* Monaghan Br. 23, that he was the first to claim that the defendants' actions constituted fraud upon the federal

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

--- Fed.Appx. ----, 2013 WL 4516436 (C.A.2 (N.Y.))
**(Cite as: 2013 WL 4516436 (C.A.2 (N.Y.)))**

government. But the question is whether he had direct and independent knowledge of "the information upon which [his] allegations are based," *Rockwell Int'l Corp. v. United States,* 549 U.S. 457, 470–71 (2007), not whether he independently realized that the information might give rise to a claim under the FCA. It is therefore irrelevant whether he first described the defendants' conduct as fraud upon HUD, inasmuch he has failed to make any claim that he directly or independently knew of the *information* underlying his claims.

## CONCLUSION

We have reviewed the record and the parties' arguments on appeal. For the reasons set out above, we **AFFIRM** the judgment of the District Court, entered September 10, 2012.

C.A.2 (N.Y.),2013.
Monaghan v. Henry Phipps Plaza West, Inc.
--- Fed.Appx. ----, 2013 WL 4516436 (C.A.2 (N.Y.))

END OF DOCUMENT

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.